IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AUSTIN EDWARD LIGHTFEATHER,<br><br>    Plaintiff,<br><br>vs.<br><br>CYRUS BEN, Chief; Defendants in their individual compacit;  CHIEF WAHOO CHOCTAW NATION, Defendants in their individual compacit; TAYLOR DARO, Defendants in their individual compacit; KIMBERLY DUMASS, TIA ANDERSON, Defendants in their individual compacit; PIERCE L. BOWER, Defendants in their individual compacit; DRUE L. BOWER, Defendants in their individual compacit; BRENDA STINSON, Defendants in their individual compacit; JAY STINSON, Defendants in their individual compacit; KAMALA HARRIS, Defendants in their individual compacit; SCOTT HARRIS, Defendants in their individual compacit; and JOE BIDEN, Defendants in their individual compacit;<br><br>    Defendants. | 8:22CV244<br><br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Plaintiff Austin Edward Lightfeather's Motion for Leave to Proceed in Forma Pauperis ("IFP"). Filing No. 4. As stated in the Prison Litigation Reform Act ("PLRA"), a prisoner cannot

> bring a civil action . . . or proceeding [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g).

The Court has identified the following cases that were brought by Plaintiff and that were dismissed because they were frivolous and/or failed to state a claim upon which relief may be granted: *Lightfeather v. Prey et al*, No. 8:21-cv-00211-RGK-PRSE (D. Neb.) (Filing Nos. 15 & 16, finding Plaintiff's complaint failed to state a claim for relief and dismissing case on April 8, 2022, after Plaintiff failed to amend complaint); *Lightfeather v. Green et al*, No. 8:21-cv-00208-RGK-PRSE (D. Neb.) (Filing Nos. 12 & 14, finding Plaintiff's complaint failed to state a claim for relief and dismissing case on October 12, 2021, after Plaintiff failed to amend complaint); *Lightfeather v. Ricketts et al*, No. 8:21-cv-00165-RGK-PRSE (D. Neb.) (Filing Nos. 12 & 14, finding Plaintiff's complaint failed to state a claim for relief and dismissing case on October 7, 2021, after Plaintiff failed to amend complaint); *Lightfeather v. City of Lincoln*, No. 4:20-cv-03118-RGK-PRSE (D. Neb.) (Filing Nos. 112 & 113, May 24, 2021 Memorandum and Order and Judgment dismissing Plaintiff's second amended complaint for failure to state a claim and for being frivolous); *Lightfeather v. Beatrice Sun Times, et al*, No. 8:21-cv-00114-RGK-PRSE (D. Neb.) (Filing Nos. 14 & 15, May 19, 2021 Memorandum and Order and Judgment dismissing Plaintiff's complaint as frivolous).

On the Court's own motion, Plaintiff is ordered to show cause within 30 days of this Court's Memorandum and Order why these cases should not be considered strikes against him per the terms of the PLRA, and why he is entitled to proceed in forma pauperis pursuant to 28 U.S.C. §1915(g). Alternatively, Plaintiff may pay the Court's $402.00 filing and administrative fees within 30 days. In the absence of good cause shown, or the payment of the necessary fees, this matter will be dismissed without further notice.

IT IS THEREFORE ORDERED:

1. Plaintiff has 30 days from the date of this Memorandum and Order to show cause why the cases referenced above should not be considered strikes against him per the terms of the PLRA, and why he is entitled to proceed in forma pauperis pursuant to 28 U.S.C. §1915(g). In the alternative, Plaintiff may pay the $402.00 filing and administrative fees within 30 days. In the absence of either action by Plaintiff, this matter will be dismissed without further notice.

2. The Clerk of Court is directed to set a pro se case management deadline in this matter with the following text: **August 15, 2022**: deadline for Plaintiff to show cause or pay fees.

Dated this 15th day of July, 2022.

BY THE COURT:

*[signature]*

Joseph F. Bataillon
Senior United States District Judge