IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AUSTIN EDWARD LIGHTFEATHER,<br><br>                Plaintiff,<br><br>vs.<br><br>CYRUS BEN, Chief; Defendants in their individual compacit; CHIEF WAHOO CHOCTAW NATION, Defendants in their individual compacit; TAYLOR DARO, Defendants in their individual compacit; KIMBERLY DUMASS, TIA ANDERSON, Defendants in their individual compacit; PIERCE L. BOWER, Defendants in their individual compacit; DRUE L. BOWER, Defendants in their individual compacit; BRENDA STINSON, Defendants in their individual compacit; JAY STINSON, Defendants in their individual compacit; KAMALA HARRIS, Defendants in their individual compacit; SCOTT HARRIS, Defendants in their individual compacit; and JOE BIDEN, Defendants in their individual compacit;<br><br>                Defendants. | 8:22CV244<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on Plaintiff Austin Edward Lightfeather's correspondence at Filing No. 7 and Filing No. 9, which the Court construes as responses to the Court's July 15, 2022 Memorandum and Order (the "Order to Show Cause") requiring Lightfeather to show cause why he is entitled to proceed in forma pauperis ("IFP") in this action. See Filing No. 5. This Court has identified three or more federal court cases brought by Lightfeather, while a prisoner, that were dismissed as frivolous or for failure to state a claim. The cases identified were:

- *Lightfeather v. Prey et al*, No. 8:21-cv-00211-RGK-PRSE (D. Neb.) (Filing Nos. 15 & 16, finding Plaintiff's complaint failed to state a claim for relief and dismissing case on April 8, 2022, after Plaintiff failed to amend complaint);

- *Lightfeather v. Green et al*, No. 8:21-cv-00208-RGK-PRSE (D. Neb.) (Filing Nos. 12 & 14, finding Plaintiff's complaint failed to state a claim for relief and dismissing case on October 12, 2021, after Plaintiff failed to amend complaint);

- *Lightfeather v. Ricketts et al*, No. 8:21-cv-00165-RGK-PRSE (D. Neb.) (Filing Nos. 12 & 14, finding Plaintiff's complaint failed to state a claim for relief and dismissing case on October 7, 2021, after Plaintiff failed to amend complaint);

- *Lightfeather v. City of Lincoln*, No. 4:20-cv-03118-RGK-PRSE (D. Neb.) (Filing Nos. 112 & 113, Memorandum and Order and Judgment dismissing Plaintiff's second amended complaint on May 24, 2021, for failure to state a claim and for being frivolous);

- *Lightfeather v. Beatrice Sun Times, et al*, No. 8:21-cv-00114-RGK-PRSE (D. Neb.) (Filing Nos. 14 & 15, Memorandum and Order and Judgment dismissing Plaintiff's complaint on May 19, 2021, as frivolous).

The Prison Litigation Reform Act ("PLRA") prevents a prisoner with "three strikes" from proceeding IFP unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). "[T]he requisite imminent danger of serious physical injury must exist at the time the complaint or the appeal is filed . . . . [and] the exception focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).

Lightfeather filed responses to the Court's Order to Show Cause on July 22, 2022, Filing No. 7, and July 29, 2022, Filing No. 9.[1] In Filing No. 7, Lightfeather explains that his autism hinders his ability to think and act and argues that a finding of three strikes would impact his "Federal right to an attorney"[2] and would prevent him from requesting release in the future if the opportunity arises. Id. at 2. He also argues a finding of three strikes would violate his right to be free from incarceration, Id. at p. 3, and would violate his rights under federal disability law, Id. at p. 4. None of these assertions provide a legal basis to exclude Lightfeather from the three strikes provision of the PLRA.

In Filing No. 9, Lightfeather attempts to address the imminent danger exception of § 1915(g). Lightfeather lists some of his previous cases and summarily states that he alleged imminent threat of danger in several of them. Lightfeather also speculates that he is in danger because he is a Jewish person and has been the victim of past assaults. However, allegations of past danger would not qualify as a threat of imminent danger under the plain language of § 1915(g). Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998) ("Allegations that the prisoner has faced imminent danger in the past are insufficient to trigger this exception to § 1915(g) and authorize the prisoner to pay the filing fee on the installment plan."); see also Gills v. Frakes, No. 4:21CV3004, 2021 WL 1575767, at *1 (D. Neb. Apr. 22, 2021) (noting that speculation about the mere possibility of danger is insufficient for purposes of § 1915(g)).

---

[1] Lightfeather also filed a letter on July 28, 2022, Filing No. 8, informing the Court that Lightfeather requested that "the workers" send the Clerk of Court a check for the amount owed. The correspondence at Filing No. 8 does not address the Order to Show Cause and appears to be merely informational.

[2] Contrary to Lightfeather's belief, "[t]here is no constitutional or statutory right to appointed counsel in civil cases." Phillips v. Jasper Cnty. Jail, 437 F.3d 791, 794 (8th Cir. 2006).

Though not filed in response to the Order to Show Cause, the Court also considers Plaintiff's motions for leave to proceed IFP. Filing No. 4; Filing No. 6. Liberally construed, Lightfeather appears to assert that the three strikes rule in 28 U.S.C. § 1915(g) violates his rights to due process and equal protection because it impedes his access to the courts. However, the Eighth Circuit Court of Appeals has specifically upheld the constitutionality of § 1915(g) against an equal protection challenge. *Higgins v. Carpenter*, 258 F.3d 797, 799–801 (8th Cir.2001). As explained in *Higgins*:

> Section 1915(g) applies only to civil actions, and indigent inmates are not denied IFP status for potentially nonfrivolous civil claims unless and until they file three meritless suits. Thus, they risk the known possibility of being denied IFP status for future nonfrivolous § 1983 actions when they choose to continue filing frivolous, malicious, and meritless suits after receiving notice of dismissals that would count as § 1915(g) strikes; indigent inmates therefore control whether the three-strikes rule is ever applied to them. . . .
>
> Even when § 1915(g) is applied, the affected inmate can file his suit by paying the full filing fee up front. . . . The indigent inmate who has three strikes also may file if he is under imminent danger of serious physical injury. We conclude that an inmate's right of access to the courts, as that right is defined in *Lewis v. Casey*, [518 U.S. 343 (1996),] is not impeded.

*Id.* at 800 (internal citations omitted). Section 1915(g) "does not close the courthouse doors to prisoners who frequently file frivolous lawsuits; rather, it merely makes them pay the full ordinary filing fees sooner rather than later." *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998).

Finally, in his Complaint, Lightfeather alleges various defendants failed to act on or give him proper credit for a manuscript Lightfeather wrote, stole money from him, disposed of certain documents belonging to Lightfeather, and interfered with his legal mail. Filing No. 1. Lightfeather also requests to proceed IFP because of "the cancer

4

diagnoises [sic] which I was posined [sic] by Brenda Stinson, and the jail guard Hubecheck, who quit his job after video caught him posining [sic] my food trey [sic] with a Raqun Burns in March of 2022 Breakfast time . . . ." *Id.* at 5. However, none of these allegations indicate an imminent threat of harm. Even Lightfeather's vague statements of a cancer diagnosis and a poisoned food tray fail to suggest he suffered any injury as a result of those events or that he faces a continuing threat of injury because of them. Therefore, Lightfeather cannot satisfy the imminent danger of serious physical injury standard as he makes no claim of actual or potential physical harm.

In sum, the Court has considered Lightfeather's responses to the Order to Show Cause, the Complaint, and his motions to proceed IFP and finds his allegations do not support a finding that Lightfeather faces an imminent danger of serious physical injury. Lightfeather, therefore, is prohibited from proceeding IFP pursuant to 28 U.S.C. § 1915(g). Because Lightfeather has not paid the $402.00 filing and administrative fees and for lack of good cause shown, this matter is dismissed without prejudice.

IT IS THEREFORE ORDERED that:

1. Lightfeather's Motions for Leave to Proceed in Forma Pauperis, Filing No. 4; Filing No. 6, are denied.

2. This case is dismissed without prejudice and a separate judgment will be entered in accordance with this Memorandum and Order.

3. Any notice of appeal filed by Lightfeather must be accompanied by the $505.00 appellate filing fee because Lightfeather will not be allowed to proceed in forma pauperis on appeal.

5

Dated this 31st day of August, 2022.

BY THE COURT:

*Joseph F. Bataillon*

Joseph F. Bataillon
Senior United States District Judge